UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL EBERTS, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELDORADO RESORTS, INC., THOMAS ROBERT REEG, and BRET YUNKER,<br><br>Defendants. | Case No. 2:19-cv-18230-SRC-CLW<br><br>[PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING CO-LEAD COUNSEL |

**WHEREAS**, the Court has considered the competing motions for Appointment of Lead Plaintiff and Approval of Lead Counsel,

**IT IS HEREBY ORDERED THAT**:

1. Having reviewed all pending Motions and accompanying Memoranda of Law, the Court hereby appoints the Boston Retirement System ("BRS") as Lead Plaintiff in the Action. BRS satisfies the requirements for Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2. Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz LLP and the Thornton Law Firm LLP as Co-Lead Counsel for the Class.

3. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

- (a) to coordinate the briefing and argument of motions;
- (b) to coordinate the conduct of discovery proceedings;
- (c) to coordinate the examination of witnesses in depositions;
- (d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;
- (e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;
- (f) to coordinate all settlement negotiations with counsel for defendants;
- (g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and
- (h) to supervise any other matters concerning the prosecution, resolution or settlement of the Action.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

5. Counsel in any related action that is consolidated with this Action shall be bound by this organization of plaintiffs' counsel.

6.  Co-Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

7.  Defendants shall effect service of papers on plaintiffs by serving a copy of same on Co-Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

8.  During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**SO ORDERED.**

Dated: _____1/2/2020_____

_____
HONORABLE STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE
DISTRICT OF NEW JERSEY